**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

JOSE ZAVALA REYES,

Plaintiff,

-against-

LUXURIOUS HAND CAR WASH INC. and USMAN NAZIR,

Defendants.

-------------------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**

Plaintiff, JOSE ZAVALA REYES ("Plaintiff"), as and for his Complaint against Defendants, LUXURIOUS HAND CAR WASH INC. ("Luxurious Hand Car Wash") and USMAN NAZIR ("Nazir") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a car wash known located in Baldwin, New York.

2. Plaintiff worked for Defendants as a car wash attendant.

3. Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to his employment with Defendants.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law ("NYLL"), and their respective attendant regulations.

5. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

8. Plaintiff is an adult male currently residing in the State of New York.

9. Nazir is an adult male currently residing in the State of New York.

10. Luxurious Hand Car Wash is a domestic business corporation duly organized and existing under the laws of the State of New York.

**FACTUAL ALLEGATIONS**

**Defendant Luxurious Hand Car Wash Inc.**

11. Luxurious Hand Car Wash maintains a principal place of business located at 869 Atlantic Avenue, Baldwin, New York 11510.

12. At all times relevant to this Complaint, Luxurious Hand Car Wash had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

13. At all times relevant to this Complaint, Luxurious Hand Car Wash had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

14. At all times relevant to this Complaint, Luxurious Hand Car Wash had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

15. During Plaintiff's employment, Luxurious Hand Car Wash maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

16. At all times relevant to this Complaint, Luxurious Hand Car Wash was and is a covered employer within the meaning of the FLSA and the NYLL and, and at all times relevant to this Complaint, employed Plaintiff.

**Defendant Nazir**

17. At all relevant times, Nazir was and continues to be a shareholder, owner, officer, director, and/or managing agent of Luxurious Hand Car Wash.

18. At all relevant times, Nazir participated in running the daily operations of Luxurious Hand Car Wash.

19. At all relevant times, Nazir participated in the management and supervision of Plaintiff and his work for Luxurious Hand Car Wash.

20. At all relevant times, Nazir exercised operational control over Luxurious Hand Car Wash, controlled significant business functions of Luxurious Hand Car Wash, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Luxurious Hand Car Wash in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

21. Nazir determined the wages and compensation of Luxurious Hand Car Wash's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

22. Nazir participated in the decision to hire Plaintiff.

23. Nazir participated in the decision to fire Plaintiff.

24. Nazir participated in deciding Plaintiff's job duties and responsibilities.

25. Nazir participated in supervising Plaintiff's job duties and responsibilities.

26. Nazir participated in deciding the manner in which Plaintiff was paid.

27. Nazir participated in deciding the hourly rate Plaintiff was paid.

28. Nazir participated in deciding the compensation Plaintiff was paid.

29. Nazir participated in deciding the schedule Plaintiff worked.

30. Nazir participated in deciding the total number of hour Plaintiff worked each week.

31. Nazir was responsible for ensuring Plaintiff was paid properly.

**Defendants Constitute Joint Employers**

32. Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33. Defendants possessed substantial control over Plaintiff's working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff.

34. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

35. Defendants jointly employed Plaintiff and are Plaintiff's joint employers within the meaning of the FLSA and the NYLL

**Plaintiff Jose Zavala Reyes**

36. At all relevant times, Plaintiff was an employee of Defendants as defined by the FLSA and the NYLL.

37. Plaintiff was employed by Defendants from on or about February 19, 2025 until on or about April 18, 2026.

38. During Plaintiff's employment, Plaintiff worked for Defendants as a car wash attendant.

39. During Plaintiff's employment, Defendants did not require Plaintiff to punch in or out of his shifts.

40. Upon information and belief, Defendants did not keep and maintain time records for the hours that Plaintiff worked each day and each week during his employment.

41. From February 19, 2025 through March 15, 2026, Plaintiff worked six (6) days per week, with Monday off.

42. During this time, Plaintiff worked from about 9:00 a.m. to 4:30 p.m., from Tuesday through Friday and Sunday, and from 9:00 a.m. to 5:30 p.m. on Saturday.

43. During this time, Plaintiff did not receive and did not take uninterrupted meal breaks during his shifts.

44. During this time, Plaintiff worked a total of forty-six (46) hours per week.

45. From March 16, 2026 through the end of his employment, Plaintiff worked two (2) days per week, on Saturday and Sunday.

46. During this time, Plaintiff worked from 9:00 a.m. to 5:30 p.m. on Saturday and from 9:00 a.m. to 4:30 p.m. on Sunday.

47. During this time, Plaintiff did not receive and did not take uninterrupted meal breaks during his shifts.

48. During this time, Plaintiff worked a total of sixteen (16) hours per week.

49. During Plaintiff's employment, Defendants paid Plaintiff an hourly rate of $10.00.

50. Beginning on January 1, 2025, the minimum wage rate for Long Island was $16.50.

51. Beginning on January 1, 2026, the minimum wage rate for Long Island was $17.00.

52. Defendants, therefore, failed to pay Plaintiff at least the statutory minimum wage rate for all hours worked each week during his employment.

53. Defendants failed to provide Plaintiff with a wage notice at the commencement of his employment, or at any time thereafter, as required by NYLL § 195(1).

54. Defendants failed to provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

55. Because Defendants did not provide Plaintiff with complete and accurate wage notice and paystubs, Plaintiff was kept in the dark about how much he should have been paid.

56. Had Plaintiff received accurate notices and statements, they would have indicated that he was legally entitled to a higher hourly rate of pay and time and a half that rate for all overtime hours. Plaintiff would have compared those amounts to the amounts he actually received, and he would have been able to question and confront his employer as to why he was receiving less than he was legally entitled.

57. Because Plaintiff was not provided legally accurate notices and statements, Defendants were able to conceal these wage violations.

58. Had Defendants provided Plaintiff with such wage notices and statements, he would have advocated for himself, consulted an attorney, and brought this lawsuit much earlier to enforce his rights under state and federal law.

59. However, because Defendants did not provide Plaintiff with complete and accurate paystubs, Plaintiff could not rectify the situation, which resulted in his underpayment of wages.

60. As a result of Defendants' failure to provide the required wage notices and statements, Plaintiff has incurred tangible, downstream harm.

61. Upon information and belief, Defendants were aware of Plaintiff's work hours but failed to pay him proper wages to which he was entitled under the law.

62. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

63. Plaintiff has been damaged by such failures in an amount to be determined at trial, including, without limitation, unpaid overtime and spread of hours compensation, unpaid minimum wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

64. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

65. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

66. Defendants were subject to the overtime pay requirements of the FLSA because the Corporate Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

67. At all times relevant to this Complaint, the Corporate Defendant had two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who used car wash supplies and products that originated outside of the State of New York.

68. Upon information and belief, the gross annual volume of sales made or business done by Corporate Defendant for 2025 and 2026 was not less than $500,000.00, individually or jointly.

69. Additionally, Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce within the scope of his job duties by using equipment and products that originated outside of the State of New York.

70. At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

71. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

72. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

73. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

74. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

75. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

76. Defendants have not acted in good faith with respect to the conduct alleged herein.

77. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

78. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

79. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

80. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

81. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

82. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week.

83. Plaintiff is not exempt from the overtime provisions of the New York Labor Law, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

84. Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

85. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

86. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

87. By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652.

88. Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

89. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

90. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

91. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

92. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things,

Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

93. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

94. As a result of Defendants' failure to provide Plaintiff with wage notices, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for approximately one (1) year and two (2) months without knowledge of his overtime rate and hours worked per week, which resulted in his underpayment of wages.

95. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

96. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

97. Defendants willfully failed to provide Plaintiff complete and accurate written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof;

deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

98. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

99. As a result of Defendants' failure to provide Plaintiff with wage statements, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for approximately one (1) year and two (2) months without knowledge of his overtime rate and hours worked per week, which resulted in his underpayment of wages.

100. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2. Willfully violated the provisions of the NYLL by failing to pay overtime compensation and minimum wages to Plaintiff;

3. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all NYLL wages due accruing from the date such amounts were due;

F. Award all costs and attorney's fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
November 5, 2026

THE NHG LAW GROUP, P.C.

By: Victoria Spagnolo, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
vspagnolo@nhglaw.com